**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUSTIN M. BRAUN,

        Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant-Appellee.

No.   18-35764

D.C. No. 2:17-cv-00070-JCL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Argued and Submitted October 23, 2019
Portland, Oregon

Before:  FARRIS, BEA, and CHRISTEN, Circuit Judges.

Under 42 U.S.C. § 1382c(a)(3)(A), Braun is required to show that he is

"disabled" to receive benefits.  There is no dispute that he has (1) attention deficit

hyperactivity disorder, (2) speech and language delays, (3) organic brain

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

syndrome, and (4) anxiety. In spite of this, the record supports the ALJ's conclusion that he has been able to work limited hours at numerous jobs. Although he has not held a job for longer than a few months, he often earned positive performance reviews and regularly chose to leave jobs of his own accord. The ALJ also had substantial evidence to conclude that he can successfully do chores, take medication, drive an automobile, attend social functions and complete other such tasks independently.

The ALJ had substantial evidence to conclude that Braun did not suffer from "[m]arked restrictions in activities of daily living" or "[m]arked difficulties" in maintaining social functioning or concentration, persistence or pace. *See* 20 C.F.R. pt. 404, Subpt. P, App. 1, §§ 12.02(B), 12.06(B) (2016).

Further, the ALJ properly accounted for Braun's functional limitations when concluding that Braun could find employment in the national economy in numerous jobs, such as garbage collector, window cleaner, or addresser.

The ALJ properly rejected two additional limitations proposed by Braun—that he would require significant job coaching and vocational accommodations and that he would be off task approximately 20% of the time. An ALJ may freely "reject any restrictions . . . that are not supported by substantial evidence." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) (citing

2

*Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989)).  The record contains substantial evidence that Braun could remain on task and work effectively without extensive job coaching in some of his past jobs.  We affirm the ALJ's determination that he is not "disabled" within the meaning of the Act.

**AFFIRMED**.